Duquesne Light Company, Petitioner *v.* Kenneth D. Moats, Respondent.

Argued May 7, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*John A. Lee*, for petitioner.

*Anthony J. Kovach*, for respondent.

OPINION BY JUDGE DISALLE, August 13, 1979:

Duquesne Light Company (Employer) asks us to overturn an order of the Workmen's Compensation Appeal Board (Board) affirming an award of benefits to Kenneth D. Moats (Claimant). We affirm.

Claimant worked in the coal mining industry from 1930 to January 31, 1976. He began working for Employer in 1940, first as a coal loader, then as a motorman, machine operator, miner and mechanic, and for the last 11 years, as a supply man, working in three different supply houses, all located outside the mines. His work exposed him to extensive amounts of dust, and on July 19, 1977, he was found to be totally and permanently disabled as a result of coal worker's pneumoconiosis and bilateral anthracosilicosis. Alleging total disability, Claimant filed a claim under Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §27.1(q), as added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended*, and was awarded benefits by the referee, the Board affirming.

Employer's sole argument is that the referee erred in finding exposure to a coal dust hazard after June 30, 1973. Section 301(e) of the Act, 77 P.S. §413, states that where an individual "was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that [his] occupational disease arose out of and in the course of his employment." Given the considerable amount of uncontradicted testimony presented by Claimant that he was exposed to vast quantities of coal dust while working in the various supply houses near the mines, the referee did not err in holding that Employer failed to rebut the presumption of exposure to a hazard.[1] Accordingly, the award of benefits was proper, and we affirm.

## ORDER

AND Now, this 13th day of August, 1979, the order of the Workmen's Compensation Appeal Board, dated September 21, 1978, affirming the referee's award of benefits to Kenneth Moats is affirmed, and judgment is entered on the award. Compensation for total disability shall be paid at the rate of $187.00 per week beginning on July 19, 1977, and continuing as long as Claimant shall be totally disabled. Accrued compensation shall bear the statutory interest rate of ten (10) percent. Attorney's fees in the amount of twenty (20) percent shall be paid to Claimant's attorney as recommended by the referee. In addition, Duquesne Light shall pay Claimant for the following costs incurred by him or by his counsel:

---

[1] Employer argues vigorously that by presenting the testimony of one of its safety engineers, who opined that the dust to which Claimant was exposed was not "hazardous dust," it has successfully rebutted the presumption. We disagree. In light of Claimant's statement that he was constantly exposed to *coal* dust, the referee was free to accept Claimant's testimony instead of the testimony of Employer's engineer.

(1) To Kenneth D. Moats, Claimant, for payment of statement of Dr. A. Carl Walker, for his physical examination in connection with the subject claim petition .......................... $150.00

(2) To Anthony J. Kovach, Claimant's attorney, for payment of the statement of Dr. A. Carl Walker for his deposition in this case ................... 200.00

(3) To Anthony J. Kovach, Claimant's attorney, for payment of the statement of Diane C. Dayton for her taking of the deposition of Dr. A. Carl Walker in this case ...................... 83.60